## BOLLING & JAMES v. LOGAN.

1. Where there are two defendants and one pleads usury, the other defendant cannot be compelled, against his will, to be examined as a witness, under the statute to prove the usury.

Error to Sumter County Court.

Assumpsit on promissory note by the defendant in error against the plaintiffs in error.

Upon the trial the defendant, James, having pleaded usury, offered his co-defendant, Bolling, as a witness to prove the note

usurious, and Bolling having declined to give testimony, the Court held that he could not be compelled to be a witness, to which decision of the Court the defendant, James, excepted, and now assigns for error.

HAIR, for plaintiff in error.
BOYD, contra.

ORMOND, J.—The act to suppress usury [Aik. Dig. 437, §5,] provides that the borrower, or party to the usurious contract from whom usury is taken, shall be a good and sufficient witness to establish that fact unless the person against whom such evidence is offered to be given will deny upon oath, in open Court, the truth of what such witness offers to swear against him.

The permission thus given to the defendant is a personal privilege which he may exercise or not, at his election. It appears that Bolling did not desire to interpose the defence pleaded by his co-defendant, and declined to give testimony, and we feel very clear in the opinion that he could not be compelled to do so.

Let the judgment be affirmed.